IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERROD DESHAWN LUCAS, #296012, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-338-RAH-SMD |
| | ) | [WO] |
| DEWAYNE ESTES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Alabama inmate Jerrod Deshawn Lucas's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Lucas challenges his 2014 Montgomery County conviction for capital murder and his resulting sentence of life in prison without parole. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Lucas's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

In October 2012, a Montgomery County grand jury returned an indictment charging Lucas with capital murder in violation of ALA. CODE § 13A-5-40(a)(2) (murder during a robbery). Lucas's case came to trial on August 19, 2014. The Alabama Court of Criminal Appeals briefly summarized the trial evidence:

> On the evening of August 5, 2006, Lucas, Temarco Scarver, and Maurice Carpenter were standing on a street corner with the intention of robbing a passing motorist. At approximately 10:30 p.m., Lucas flagged down a passing vehicle. When the vehicle stopped, Lucas entered the passenger seat and drew a gun on the driver, Clyde Chatman. Scarver leaned into the car

> from the passenger-side window and also drew a gun. Chatman accelerated his vehicle, at which point he was shot by Lucas and Scarver. Lucas then exited Chatman's vehicle and all three assailants fled the scene. Chatman died as a result of the gunshot wounds.

Doc. 8-8 at 1–2. On August 21, 2014, the jury found Lucas guilty of capital murder as charged in the indictment. Doc. 8-5 at 122. The trial court sentenced Lucas to life in prison without parole. *Id.* at 123.

Lucas appealed, arguing that: (1) the State's evidence was insufficient to sustain his conviction for capital murder, and in particular, the State failed to sufficiently corroborate the testimony of Maurice Carpenter, one of his accomplices, who testified to Lucas's role in the crime; and (2) the trial court erred in denying a for-cause challenge to prospective juror S.B., who allegedly demonstrated a prejudice against defendants who might choose not to testify and "an inability to follow the law." Doc. 8-6. On October 16, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Lucas's conviction and sentence. Doc. 8-8. Lucas applied for rehearing, which the Alabama Court of Criminal Appeals overruled on December 11, 2015. Docs. 8-9, 8-10. Lucas filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 12, 2016. Docs. 8-11, 8-12.

On August 16, 2016, Lucas filed a *pro se* petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 8-13 at 7–23. Lucas's Rule 32 petition asserted the following claims: (1) newly discovered evidence existed through an affidavit of Temarco Scarver stating Lucas was not involved in the crime; (2) trial counsel rendered ineffective assistance by failing to request a jury instruction on

corroboration of accomplice testimony; (3) the 1901 Alabama Constitution violates his right to equal protection under the laws; (4) the trial court was without jurisdiction because it appointed his counsel without conducting an indigency determination; (5) the courts of the State of Alabama are governed by the Uniform Commercial Code; and (6) crimes committed in the State of Alabama are commercial and punishable by fines. *Id.* The State filed a response and motion for summary disposition (Doc. 8-13 at 34–43), and on February 15, 2017, the trial court entered an order granting the State's motion for summary disposition and denying Lucas's Rule 32 petition (*id*. at 72).

Lucas appealed, pursuing only his claim of newly discovered evidence and omitting all other claims raised in his Rule 32 petition. Doc. 8-14. On September 1, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying the Rule 32 petition. Doc. 8-16. Lucas applied for rehearing, which was overruled on October 13, 2017. Docs. 8-17, 8-18. Lucas did not file a petition for writ of certiorari with the Alabama Supreme Court, although he moved for an extension of time to file such a petition, which was denied. Docs. 8-20, 8-21. On November 1, 2017, a certificate of judgment was issued by the Court of Criminal Appeals. Docs. 8-19, 8-22.

On January 30, 2018, Lucas initiated this habeas action by filing this § 2254 petition. Doc. 1. Lucas's § 2254 petition asserts the following claims:

1. The evidence was insufficient to sustain his conviction.

2. The trial court erred in denying his for-cause challenge to prospective juror S.B.

3. His trial counsel was ineffective for failing to request a jury instruction on corroboration of accomplice testimony.

3

    4. Newly discovered evidence exists through Temarco Scarver's affidavit stating Lucas was not involved in the crime.

Doc. 1 at 5–9, 16–19. Respondents argue that the first two of Lucas's claims were correctly rejected on the merits by the state courts and that his remaining two claims are procedurally defaulted and are not subject to federal habeas review. Doc. 8.

## II. DISCUSSION

### A. AEDPA's Standard of Review for Clams Adjudicated on Merits

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") significantly limits the circumstances under which a habeas petitioner may obtain relief. *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010). For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus shall be granted only if the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause of § 2254(d)(1), a federal court may grant a writ if the state court applies a rule different from the governing Supreme Court precedent or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant a writ if the state court

correctly identifies the governing legal principle from our decisions but applies it to the facts of the particular case in an objectively unreasonable way. *Id.*

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). Rather, a reviewing court must determine: first, what arguments or theories supported or could have supported the state court's decision; and second, "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. *Harrington v. Richter,* 562 U.S. 86, 102 (2011). To meet this deferential standard, a "state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Under § 2254(d)(2), a state court's decision is not based on an "unreasonable determination of the facts in light of the evidence presented" merely because a federal court would have reached a different conclusion in the first instance. *Brumfield v. Cain,* 576 U.S. 305, 313–14 (2015). A reviewing federal court presumes a state court's factual-issue determinations are correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* A federal

5

court will not supersede a trial court's factual determinations if reasonable minds reviewing the record might disagree about the findings at issue. *Cain,* 576 U.S. at 314.

### 1. *Sufficiency of the Evidence*

Lucas claims the evidence was insufficient to sustain his conviction. Doc. 1 at 5, 16–18. The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of legally insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984).

Sufficiency claims are judged by the elements of the offense defined by state law, but the minimum evidence required to meet the standard of due process as it relates to proving those elements is a matter of federal law. *See, e.g.*, *Coleman v. Johnson*, 566 U.S. 650, 655 (2012); *Jackson*, 443 U.S. at 324 n.16. In Alabama, murder committed during robbery in the first degree, or during attempted robbery in the first degree, constitutes capital murder under ALA. CODE § 13A-5-40(a)(2).[1]

---

[1] Under Alabama law, a person commits murder if, "[w]ith intent to cause the death of another person, he or she causes the death of that person or of another person." ALA. CODE § 13A-6-2(a)(1). A person commits robbery in the first degree if, in the course of committing a theft, he uses force, or threatens the use of force, against someone with the intent to overcome resistance to the theft while armed with a deadly weapon or causing serious injury to another. ALA. CODE §§ 13A-8-41–43.

Lucas pursued a sufficiency-of-the-evidence claim through the direct-review process in state court. In pursuing the sufficiency issue on direct appeal, Lucas presented both a general challenge to the sufficiency of the State's evidence and the specific argument that the State failed to present sufficient corroborative evidence supporting the testimony of his accomplice Maurice Carpenter, who testified to Lucas's role in the murder. Doc. 8-6 at 21–40.[2] Addressing the sufficiency issue, the Alabama Court of Criminal Appeals first set forth the relevant law:

> "Initially, this Court notes that '"[i]n determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."' *Ballenger v. State*, 720 So.2d 1033, 1034 (Ala. Crim. App. 1998) (quoting *Faircloth v. State*, 471 So.2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So.2d 493 (Ala. 1985)). '"The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt."' *Nunn v. State*, 697 So.2d 497, 498 (Ala. Crim. App. 1997) (quoting *O'Neal v. State*, 602 So.2d 462, 464 (Ala. Crim. App.1992)). . . .
>
> "Further, pursuant to § 12-21-222, Ala. Code 1975, a felony conviction 'cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.' '"The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense."' *Ex parte Bullock*, 770 So.2d 1062, 1067 (Ala.

---

[2] ALA. CODE § 12-21-222 provides:

> A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

7

2000) (quoting *Andrews v. State*, 370 So.2d 320, 321 (Ala. Crim. App. 1979), citing in turn *Miller v. State*, 290 Ala. 248, 275 So.2d 675, 677 (1973)).

"'The term "corroborate," when used in this connection, has been said to mean, in its legal significance, to strengthen, not necessarily the proof of any specific fact as to which the accomplice has testified, but the probative, criminating force of his or her testimony.' 23 C.J.S. *Criminal Law* § 1364 (2006) (footnotes omitted). *See also Kuenzel v. State*, 577 So.2d 474, 518 (Ala. Crim. App. 1990) (defining corroborate as 'to strengthen, to make stronger; to strengthen, not the proof of any particular fact to which the witness has testified, but to strengthen the probative, criminating force of his testimony') (citations and quotations omitted). 'While corroborating evidence need not be strong, it '... must be of substantive character, must be inconsistent with the innocence of a defendant and must do more than raise a suspicion of guilt.'" *Booker v. State*, 477 So.2d 1388, 1390 (Ala. Crim. App. 1985) (quoting *McCoy v. State*, 397 So.2d 577 (Ala. Crim. App. 1981)). *See also McGowan v. State*, 990 So.2d 931, 987 (Ala. Crim. App. 2003) (explaining that although evidence corroborating an accomplice's testimony need only be slight, it must tend to connect the defendant to the crime and be inconsistent with innocence). . . .

"Additionally, 'it is not necessary that the accomplice should be corroborated with respect to every fact as to which he or she testifies, nor is it necessary that corroboration should establish all the elements of the offense.' 23 C.J.S. *Criminal Law* § 1369 (2006) (footnotes omitted). *See also Arthur v. State*, 711 So.2d 1031, 1059 (Ala. Crim. App. 1996) (citations omitted) ('Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice.'); *Ferguson v. State*, 814 So.2d 925, 952 (Ala. Crim. App. 2000) (same). 'If the accomplice is corroborated in part, or as to some material fact or facts tending to connect the accused with the crime, or the commission thereof, this is sufficient to authorize an inference by the jury that he or she has testified truly even with respect to matters as to which he or she has not been corroborated, and thus sustain a conviction." 23 C.J.S. *Criminal Law* § 1369 (2006) (footnotes omitted). *See also Dykes v. State*, 30 Ala. App. 129, 133, 1 So.2d 754, 756–57 (1941) (citations omitted) (explaining that '[i]t has been repeatedly held, and advisedly so, that the corroboration of the testimony of an accomplice need not go to every material fact to which he testifies. If corroborated in some of such facts the jury may believe that he speaks the truth as to all.'). Further, circumstantial evidence may be sufficient to corroborate the testimony of an accomplice. *Arthur*, 711 So.2d at 1059 (citing *Jackson v. State,* 451 So.2d 435, 437 (Ala. Crim. App. 1984)). *See also Steele v. State*,

8

> 911 So.2d 21, 28 (Ala. Crim. App. 2004) (explaining that accomplice testimony may be corroborated by circumstantial evidence).
>
> "'Whether such corroborative evidence exists is a question of law to be resolved by the trial court, its probative force and sufficiency being questions for the jury.' *Caldwell v. State*, 418 So.2d 168, 170 (Ala. Crim. App. 1981) (citations omitted)."
>
> *Green v. State*, 61 So. 3d 386, 391–93 (Ala. Crim. App. 2010).

Doc. 8-8 at 2–4.

> The Alabama Court of Criminal Appeals then found:
>
> In addition to Carpenter's testimony, the State presented the testimony of Tykia Seeney. Seeney stated that on the evening of August 5, 2006, she saw Lucas, Carpenter, and another person standing on a street corner, and saw a vehicle stop at the street corner. When she looked back at the corner, she saw two people standing at the corner. Seeney heard two gunshots, saw a flash inside the vehicle, and then observed Lucas exit the vehicle.
>
> Seeney's testimony tended to connect Lucas to the crime and presented the jury with evidence inconsistent with Lucas's innocence. Therefore, the State presented sufficient evidence to corroborate the testimony of Carpenter.

Doc. 8-8 at 2–4.

Carpenter testified at trial that on the evening of the crime, he, Temarco Scarver, and Lucas were together when Lucas suggested committing a robbery. Doc. 8-4 at 132–33. After agreeing to commit a robbery, the three flagged down Clyde Chatman as he drove by in his car. *Id.* at 133–34. According to Carpenter, Lucas approached the passenger side of Chatman's car, and Scarver also walked up to the car. *Id.* at 134. Both Lucas and Scarver were armed with pistols. *Id.* Carpenter testified that Lucas got inside the car and drew his pistol. *Id.* Chatman then accelerated the car, and both Scarver and Lucas fired their guns. *Id.* at 135. Carpenter testified that he heard Chatman scream, "Oh,

God, help." *Id*. According to Carpenter, he ran from the scene while Lucas and Scarver ran away down another street. *Id.*

The testimony of Carpenter and Seeney, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find beyond a reasonable doubt that Lucas committed a murder during a robbery in the first degree, or during attempted robbery in the first degree, constituting capital murder under ALA. CODE § 13A-5-40(a)(2). The state court decision rejecting Lucas's challenge to the sufficiency of the evidence was neither contrary to nor an unreasonable application of clearly established federal law. Neither did it involve an unreasonable determination of the facts in light of the evidence presented.

The undersigned further notes that, although the Alabama Court of Criminal Appeals, in addressing the sufficiency issue, also addressed Lucas's specific argument that there was insufficient corroborative evidence supporting the accomplice testimony from Carpenter, as required by ALA. CODE § 12-21-222, federal law has no requirement that accomplice testimony be corroborated. Thus, a challenge by Lucas to the sufficiency of the evidence on this ground alone could not support a grant of habeas relief. *See e.g.*, *Craig v. Singletary*, 127 F.3d 1030, 1044 (11th Cir. 1997); *Taylor v. Dunn*, 2018 WL 575670, at *60 n.107 (S.D. Ala. 2018). For these reasons, Lucas is not entitled to relief on his claim challenging the sufficiency of the evidence to support his conviction.

### 2.     *Denial of For-Cause Challenge to Prospective Juror*

Lucas next claims the trial court erred in denying his for-cause challenge to prospective juror S.B. Doc. 1 at 7, 18. The Eleventh Circuit has held that "[a] habeas

petition will be granted for a state trial court's failure to strike a juror for cause only when there is not fair support in the record for the trial court's determination that the juror was unbiased." *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991).  No constitutional violation occurs where a biased veniremember should have been struck for cause, but ultimately does not sit on the jury. *Id.* at 1132–33.  Moreover, no constitutional violation occurs where a defendant is forced to use a peremptory challenge to remove a veniremember whom the court should have removed for cause. *Id.*

In this case, Lucas alleges that, during voir dire, S.B. demonstrated a clear prejudice against defendants who choose not to testify,[3] and thus she demonstrated an inability to follow the law, requiring that she be removed for cause. Doc. 1 at 7, 18. Lucas presented this claim on direct appeal.  Doc. 8-6 at 40–53.  In denying Lucas relief, the Alabama Court of Criminal Appeals found that "[a]lthough S.B. initially indicated that she might have a bias against a defendant who did not testify in his own defense, she later indicated that she would set aside her opinion and try the case fairly and impartially, according to the law and the evidence."  Doc. 8-8 at 8.  Thus, the Court of Criminal Appeals found S.B. had been sufficiently rehabilitated during voir dire and that Lucas's claim was without merit. *Id.* The Court of Criminal Appeals further noted that because Lucas ultimately removed prospective juror S.B. through the use of a peremptory strike, "any error in failing to remove [this juror] for cause is harmless." *Id*. at 8–9.

---

[3] Lucas did not testify at trial.

11

The undersigned finds that the record supports the state court's finding that S.B. was rehabilitated during voir dire such that she ultimately indicated she could follow the law and remain unbiased against a defendant who chose not to testify. Moreover, because S.B. did not ultimately sit on the jury, no constitutional violation occurred merely because Lucas used a peremptory strike to remove S.B. after the trial court denied Lucas's request to strike S.B. for cause. Accordingly, the state court's decision rejecting Lucas's claim was neither contrary to nor an unreasonable application of clearly established federal law. Lucas is therefore not entitled to relief on this claim.

### B.     Procedurally Defaulted Claims

Lucas's § 2254 petition also contains claims that: (1) his trial counsel was ineffective for failing to request a jury instruction on the corroboration of accomplice testimony, and (2) newly discovered evidence exists through accomplice Temarco Scarver's affidavit stating Lucas was not involved in the crime. Doc. 1 at 8–10, 18–19. Respondents argue these claims are procedurally defaulted and are subject to no further review in this habeas proceeding. Doc. 8 at 5–6.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See, e.g.*, 28 U.S.C. §§ 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one

complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—i.e., a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See, e.g.*, *Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); ALA. R. APP. P. 39, 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Additionally, federal habeas review may be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see also Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice,[4] or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence.[5]  "Cause" for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules.  *Murray*, 477 U.S. at 488.  Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel.  *Id.*  To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions."  *Id.* at 494 (internal quotations and emphasis omitted).  A petitioner asserting actual innocence as an exception must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.

### 1. *Ineffective Assistance of Counsel Claim: Failure to Request Jury Instruction*

Lucas's Rule 32 petition contained a claim that his trial counsel was ineffective for failing to request a jury instruction on the corroboration of accomplice testimony.  Doc. 8-13 at 19–20.  Lucas appealed the trial court's denial of the Rule 32 petition.  However, in that appeal, he failed to pursue his claim of ineffective assistance of counsel.  Doc. 8-14.

---

[4] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
[5] *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

In its memorandum opinion affirming the denial of Lucas's Rule 32 petition, the Alabama Court of Criminal Appeals found this claim was abandoned, and thus procedurally barred, for purposes of review because it had not been pursued on appeal.[6]  Doc. 8-16 at 4.  The state court's application of this procedural bar constituted an adequate and independent state procedural ground for denying relief.  *Harris*, 489 U.S. at 264 n.10.  This procedural bar is firmly established and regularly followed by Alabama appellate courts.[7]  *See, e.g.*, *Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995); *Burks v. States*, 600 So. 2d 374, 380 (Ala. Crim. App. 1991).  Consequently, Lucas's claim of ineffective assistance of counsel is procedurally defaulted.

Although afforded an opportunity to do so (Doc. 9), Lucas sets forth no grounds as cause excusing his procedural default.  Further, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim.  Because Lucas fails to demonstrate cause or actual innocence excusing his procedural default, his claim is foreclosed from federal habeas review.

---

[6] Although Lucas presented several claims in his Rule 32 petition, the only claim he pursued on appeal from the denial of that petition was one based on alleged newly discovered evidence.  The Alabama Court of Criminal Appeals found that all claims not pursued by Lucas were not subject to appellate review, stating:

> We note that those claims that Lucas raised in his petition but does not pursue on appeal are deemed abandoned and will not be considered by this Court. *See Ferguson v. State*, 13 So. 3d 418, 436 (Ala. Crim. App. 2008) ("[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned."); and *Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief.").

Doc. 8-16 at 4.

[7] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

### 2. *Newly Discovered Evidence Claim*

Lucas's Rule 32 petition also contained a claim that newly discovered evidence existed through accomplice Temarco Scarver's affidavit stating that Lucas was not involved in the crime.[8]  Doc. 8-13 at 15–18.  Lucas pursued this claim in his appeal from the trial court's denial of the Rule 32 petition.  Doc. 8-14.  The Alabama Court of Criminal Appeals considered the claim on the merits and found that Lucas's claim of newly discovered evidence failed to meet the requirements of Rule 32.1(e) of the Alabama Rules of Criminal Procedure[9] and thus entitled him to no relief.  Doc. 8-16.

Lucas did not file a petition for writ of certiorari with the Alabama Supreme Court seeking review of the Alabama Court of Criminal Appeals's decision.  Therefore, he failed to exhaust his "newly discovered evidence" claim in the state courts by subjecting it to a complete round of Alabama's established appellate review process for Rule 32

---

[8] Scarver's averments in his affidavit, which he signed on March 22, 2016 (Doc. 8-13 at 16–18), were inconsistent with his testimony before the grand jury and his statements at his guilty plea proceeding, where he testified that Lucas participated in the crime and was one of the shooters.  Doc. 8-16 at 4; Doc. 8-13 at 41, 51–52.

[9] With regard to newly discovered evidence claims, Alabama courts have held:

> "Under Rule 32.1, Ala. R. Crim. P., subject to the preclusions in Rule 32.2, a remedy is afforded a defendant when the grounds supporting the requested relief are based on newly discovered facts (1) that were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence; (2) that were not merely cumulative to other facts that were known; (3) that were not merely amounting to impeachment evidence; (4) that if they had been known at the time of trial or of sentencing, the result probably would have been different; and (5) that establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received.  Rule 32.1(e)(1) through (5), Ala. R. Crim. P."

Boyd v. State, 746 So. 2d 364, 405–06 (Ala. Crim. App. 1999).

proceedings. *See Pruitt*, 348 F.3d at 1359. Lucas cannot return to the state courts to exhaust this claim, because: (1) it is too late for him to seek certiorari review in the initial Rule 32 proceedings, and (2) a second Rule 32 petition presenting such a claim would be barred as successive under ALA. R. CRIM. P. 32.2(b) and time-barred under ALA. R. CRIM. P. 32.2(c). Thus, the exhaustion and preclusion rules coalesce into the procedural default of Lucas's claim of newly discovered evidence.

Although afforded an opportunity to do so, Lucas sets forth no grounds as cause excusing his procedural default. Further, he does not argue that the actual-innocence exception provides a gateway for review of this defaulted claim. Because Lucas fails to demonstrate cause or actual innocence excusing his procedural default, his claim of newly discovered evidence is foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, the undersigned magistrate judge RECOMMENDS that Lucas's petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 26, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and

waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of February, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE