IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERROD DESHAWN LUCAS, | ) | |
| # 296012, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18-CV-338-RAH-SMD |
| | ) | |
| DEWAYNE ESTES, *et al.*, | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

On February 12, 2021, the Magistrate Judge entered a Recommendation (Doc. 13), recommending that the petition filed by Petitioner Jerrod DeShawn Lucas ("Lucas") be denied without an evidentiary hearing and dismissed with prejudice. Lucas filed Objections (Doc. 20) to the Recommendation on April 7, 2021.  This Court writes simply to address one untimely argument Lucas raises for the first time in his objections;  namely, the issue of actual innocence – something that, if proved, "serves as a gateway through which a petitioner may pass whether the impediment [to habeas relief] is a procedural bar ... or ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits." *Id.* at 392.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). "[This] standard is demanding and

permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Lucas maintains he is actually innocent of capital murder because the affidavit of Temarco Scarver, an accomplice, establishes his innocence. The affidavit, however, does not meet the rigorous standard for presenting a colorable claim of actual innocence.

In the March 22, 2016, affidavit, Scarver avers that "Jerrod Lucas was not present at the scene when the shooting took place, Jerrod Lucas did not know anything about the gun nor what was about to happen, nor did he participate or encourage the principle of the incident." (Doc. 8-13, p. 17.)  Scarver's averments, however, are inconsistent with his prior testimony before the grand jury and his statements at his guilty-plea proceeding, wherein he testified that Lucas participated in the crime and was one of the shooters. (*See* Doc. 8-16, p. 4; Doc. 8-13 pp. 41, 51-52.)  Consequently, Scarver's affidavit could be impeached by his own prior statements.  Moreover, Scarver's averments are contradicted by the trial testimony of Maurice Carpenter, another accomplice, and Tykia Seeney, a witness. (Doc. 8-4, R. 132-35; Doc 8-3, R. 442-445, 447-449, 468-472, 474.)

Based on the foregoing, the Court concludes that Scarver's March 22, 2016, affidavit does not rise to the level of new reliable evidence that, if presented to a jury,

2

establishes "it is more likely than not that no reasonable juror would have found [Lucas] beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Consequently, Lucas' actual innocence claim does not provide a gateway to review of his procedurally barred claims.

Upon an independent review of the record and upon consideration of the Recommendation and the Objections, it is ORDERED as follows:

(1) The Objections (Doc. 20) are OVERRULED;

(2) The Recommendation (Doc. 13) is ADOPTED; and

(3) This case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE, on this the 20th day of April, 2021.

                                       /s/ R. Austin Huffaker, Jr.
                                R. AUSTIN HUFFAKER, JR.
                                UNITED STATES DISTRICT JUDGE